**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:94cr126**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DAVID LEE DRAYTON.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Correct Error [Doc. 415] and the Defendant's Motion for Bond [Doc. 416], filed June 12, 2009.

The Defendant was indicted on September 8, 1994 and charged with conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base, within 1,000 feet of a school and/or playground, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 4]. On October 18, 1994, the Government filed a notice pursuant to 21 U.S.C. § 851, indicating that it intended to rely on the Defendant's prior felony drug trafficking conviction for purposes of sentencing. [Doc. 72]. On December 5, 1994, the Defendant pled guilty to the conspiracy charge, pursuant to a written plea agreement.

Pursuant to this agreement, the parties agreed that the Defendant was responsible for more than 1.5 kilograms of crack cocaine. [Doc. 126].

According to the Presentence Report (PSR), the Defendant's Guidelines range of imprisonment, based on a total offense level of 39 and a criminal history category of VI, was between 360 months and life. Based upon the Defendant's prior drug conviction and the § 851 Information, the Defendant was subject to a mandatory minimum sentence of 240 months of imprisonment. Based upon the Government's recommendation of a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the Court departed downward by six levels and sentenced the Defendant to the mandatory minimum of 240 months of imprisonment. Judgment was entered on March 7, 1996. [Doc. 244].

On June 17, 2008, the Defendant filed a motion through counsel for a further proportionate reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 706 to the United States Sentencing Guidelines, applicable to crack cocaine offenses. [Doc. 357]. The Probation Office prepared a Supplemental PSR, concluding that Amendment 706 had no effect on the Defendant's sentence, as his Guidelines sentence remained the statutory minimum of 240 months pursuant to U.S.S.G. § 5G1.1(b).

[Docs. 364, 365]. The Government filed a Response, opposing the Defendant's request for a further reduction in his sentence. [Doc. 366]. On July 8, 2008, the Court entered an Order, denying the Defendant's motion. [Doc. 368]. The Defendant filed an appeal [Doc. 378], which was dismissed upon motion of the Government on February 19, 2009 [Doc. 409].

The Defendant, proceeding *pro se*, now moves pursuant to Rule 36 of the Federal Rules of Criminal Procedure for an Order correcting his sentence. [Doc. 415]. For grounds, the Defendant states that the Court "erred as a matter of law by basing the re-sentencing pursuant to 18 U.S.C. § 3582 on [a] base level of 39 reduced to an [offense level] of 37" instead of "beginning at [offense] level 33 [and] reducing it to [offense] level 31 pursuant to Section 3582." [Doc. 415-2 at 5].

In order for Amendment 706 to be the basis of a reduction under § 3582(c)(2), the Amendment must have "the effect of lowering the defendant's *applicable* guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). Because the Defendant's 240-month sentence was based on a statutory minimum and U.S.S.G. § 5G1.1(b), "it was not *based on* a sentencing range lowered by Amendment 706." United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009). As such, the Defendant is not eligible for a reduced sentence

3

under § 3582(c)(2), and his motion for relief pursuant to Rule 36 must be denied.

Because the Court has determined that the Defendant is not entitled to a reduction of his sentence pursuant to § 3582(c)(2), his request for bond also must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Correct Error [Doc. 415] and the Defendant's Motion for Bond [Doc. 416] are **DENIED**.

**IT IS SO ORDERED.**

Signed: August 4, 2009

Martin Reidinger
United States District Judge